The record in Mr. Brantley's case involves reversible error in both the arraignment and sentencing proceedings. First, the conviction resulting from Mr. Brantley's arraignment should be vacated because the district court failed to properly advise him according to Rule 11 of the Federal Rules of Criminal Procedure, and therefore he could not have entered a plea knowingly. Second, his sentence is invalid for two reasons. First, the court failed to conduct an individualized assessment or adequately explain its chosen sentence, and two, the court committed a Rogers error by including conditions of supervised release in its written judgment that it did not orally pronounce in court. And I'll begin with the Rogers error issue since this court requested supplemental briefing in regards to it. Chief Chuck Lovell Before you get to that, we've got this pending motion to dismiss the appeal, and I don't have a lot of time, but can you tell me why we should hear the appeal to begin with? I mean, the appeal was filed out of time. The government has moved to dismiss, and in most cases, that's the end of the story. Why isn't it the end of the story here? Ms. Brantley Right. Well, I think it really does go – I mean, the anchor here is Rogers, both in regards to the motion to dismiss and allowing this court to consider the case on its merits. So Rogers – and this is sort of a roundabout way to answer your question, but I'm trying to answer your question – Rogers establishes that conditions of supervised release must be announced in court, and if there are conditions later included in a written judgment, then there are nullities, and the remedy is to vacate the sentence and remand for resentencing. So then Singletary later relies on Rogers to establish that the remedy is a sentencing anew. So while the government and Singletary suggested that the remedy should be resentencing for the specific purpose of addressing the supervised release condition – Mr. Brantley Chief's a good question. This was, I guess, 180 days after the file of appeal, 180 days after the entry of judgment. And so how do we cut this off? I mean, suppose it's eight months, a year, two years. I mean, what do we – how can we – I don't know where we go from here if we say six months is okay. Why is eight months or a year not okay? Well, I think Rule 4 – it comes down to Rule 4B and the deadlines that are included in Rule 4B. So in this case, the judgment includes a sentence that includes condition – or a sentence that essentially includes nullities, right? So the sentence was never imposed on Mr. Brantley. So I understand that your concern is perhaps we're opening the floodgates and there's going to be no – Well, you know, it's really important for Court of Appeals to set traffic cop rules. I mean, it's – there's an enormous volume of cases and, you know, traffic cops have to be clear in their direction. And this may not be a jurisdictional rule, but it's a claim processing rule. And we establish – we think it's very important to establish clear claim processing rules. And we've made the point repeatedly that claim processing rules are not – such as the one here, which where the time deadlines are perfectly clear, there's no confusion about it – that claim processing rules are not subject to equitable exceptions. And so how can we double back and say, well, this claim – the claim processing rule is an equitable exception here, and, you know, so the other case comes up, well, why not in the next case? And then we're off to the races with a lot of litigation as to what equitable exceptions count, what don't they. It's chaotic. And in addition, appeals are always better decided when they're closer rather than farther away from the trial or from the trial court judgment. So now it's very hard to draw the line or to find the limiting principle in your argument and the other thing is, how can we create an exception to this rule for Singletary or Rogers claims? I mean, we can't have one set of time rules for one claim and another set of time rules for a different claim. I mean, the text of the rules just doesn't let itself be read that way. The rule has an across-the-board timeliness requirement, and we can't say, oh, well, this claim is important, so we'll waive the rule here and everything. You know, it leads us into a very chaotic situation, you understand? Well, the limiting property here and the main limitation, I think, that would avoid chaos is that these cases, Singletary and Rogers, are cases in which the sentence has never been imposed. But I mean, there are all kinds of errors that, let's say, a sentencing error on a leadership enhancement. How many people did so-and-so supervise or, you know, we just had one in obstruction of judgment is entered, and we say, no, if you want to file an appeal on this enhancement or the obstruction enhancement or the supervisory enhancement, do so within the time limits. And so, I mean, how do we accept a Singletary claim from all of the rest of the claims of court, trial, or at sentencing? What privileges does this claim have that all the other unprivileged claims lack? I mean, but what I'm saying is the text doesn't lend itself. It doesn't say, but this kind of claim is subject to exceptions. The text doesn't read that way. Well, all of the cases that you described, all of the examples that you gave, are cases in which the sentence was actually imposed. And as I was saying, that really is the limiting. Your appeal is to the judgment. Right. It has to be to something, just like Singletary was. That's right. And so, the Rogers error is because the sentence that's imposed and the judgment, they don't match, right? And the government agrees there's a Rogers error, right? Right. And to Judge Wilkinson's point is that the rules are clear that when you appeal the judgment, that you have a certain time period, 45 days at best, right? And Singletary is different because it's an agreement between the government and what was imposed was never part of the agreement from the government, and that's the reason that Singletary went forward. But that was a timely appeal, though, was it not? It was. Right. And so, how is a Rogers error different than everything else that says you have to appeal within the time period set for within the rules? And I believe, I mean, Singletary involved a judgment, right? Something that was entered by the court called a judgment. But Singletary also emphasizes that the heart of a Rogers error is that the supervised release conditions and the custodial terms are part of one unified sentence. And if the conditions of supervised release that are later included in what's called a written judgment, those are nullities. And Rule 4B specifically says, outlines the terms in which you have to appeal the judgment. So if we're going to look at the language of Rule 4B, we really have to understand what a judgment is. And this court has stated in Dodson that a sentence is a judgment. So if we're going to now try to bifurcate the sentence from the judgment and say, oh, no, they're two separate things, that would be unprecedented. And it would be... When you're talking about entry of judgment and appeal from an entry of judgment, you are also talking about, you know, a judgment embodies a great many different claims, a great many different possibilities of error. But a judgment embodies all the claims of errors or all the errors that arguably preceded the judgment. And that's... Those errors, whatever errors led to the judgment, are subject to the rule. I must say that this is not a difficult thing to follow. We have singultary claims all the time. And they're all... And they're timely filed. So in order to, you know, cut singultary claims a unique break, we have to ignore the fact that the vast, vast majority of these singultary claims come to us in a timely fashion. And so we're not cutting back on singultary at all. We decide them all the time. We decide them regularly. There are all kinds of things on the books that deal with singultary claims, and they're timely filed. And it's not a hard thing to do. I know you're thinking about what to say there, Ms. Blue, but while you're standing there, the government has suggested that there might be an alternative to taking up the direct appeal and that is seeking a modification of the conditions of release before the district court. Is that an option in your view? In my opinion, it's not the correct option because... Well, okay. But is it an option? I mean, if you all say it is, it's an option. We can only say what... within the confines of the law, right? So does the statute, do any of the applicable statutes or regulations allow for that kind of remedy? When you're talking about collateral review or collateral attacks in regards to a singultary issue, I think you're still going to have the problem that based on singultary and based on Rogers, the sentence never was imposed on the defendant. So all of the cases and the situations in which the government... I'm sorry to interrupt, but I think maybe you can answer both of them at the same time. Is the effect of your argument that the Rogers error allows the late appeal, does that mean that he gets to go back and revisit his guilty plea and revisit the issues, whether there's an individualized assessment or if we agree with you, does it only go back on the Rogers error? Rogers, I think, would just be in regards to sentencing. I do make a Rule 11 argument. That would be in regards to the conviction. But wouldn't that be late? Would what be late? The appeal as it relates to... That was my question, is that if we agree with you that the appeal can go forward because of the Rogers issue, does it only go forward as to that or on all issues? I think on all the issues because, again, this is one unified case. So we know from Ketter that you don't separate the sentences, you don't separate the supervised release conditions, you don't separate the custodial terms. And I think if the appeal were to proceed, if the argument is the bar is that Rule 4B deadlines prevent the appeal from moving forward, if this court determines that the Rogers issue, in fact, does allow the case to proceed on appeal, I think it would proceed on both the conviction and the sentence. The Chief Judge raised an interesting point from my perspective, and that is a direct appeal is not the only forum in which to raise a singulatary error. In the implementation of supervised release, there are invariably communications between the probation officer and the district judge and the probation officer and the supervisee. And you don't even have to wait for a revocation issue, but if a probation officer is saying you're supposed to do this or that, you can claim that you didn't have notice. In other words, I'm not sure that this is the only avenue of relief. I'm just concerned about trying to seek it in this way and create an exception to the time rules, which it would cause a considerable amount of confusion to the Court of Appeals litigating equitable exceptions on something as common as that, when the people that follow the rules get their singulatary claims heard, as I mentioned previously, all the time. All the time. It's not hard. And I understand that. I understand that this specific issue could be remedied through other avenues, but I think you would have to be essentially interpreting Rule 4B and the language in Rule 4B specifically, the definition of judgment. You'd be interpreting it different than it's been interpreted in law for years. It's a great line. A whole lot of able counsel come up and say, well, this is the rule. And a lot of good lawyers say, well, yes, Your Honor, but this is different. This is different. Well, I don't think this is different. I'm asking you to interpret the word judgment the way it's always been interpreted. It includes a sentence. It necessarily includes a sentence. And if you're now saying, well, it doesn't have to include a sentence, then it would be flying in the face of precedent, essentially. So are you saying that because of the Rogers error, the entire sentence is a nullity or just that portion of the sentence dealing with Rogers? Because those are two different things. Right. The terms of supervised release would be nullities. And that invalidates the sentence. And therefore makes the judgment a nullity? If there's no sentence, there's no final judgment. I mean, Dodson specifically says, I have Dodson right here. I thought I had Dodson right here. Let's see. Dodson says final judgment in a criminal case means sentence. The sentence is the judgment. So if the government concedes that there was a Rogers issue, and so if we don't have any sort of final sentence here, we don't have a complete I mean, we've got a partial sentence. That's OK. Right. That's a prison sentence is OK. It's part of the total sentence. I mean, it's part of the total sentence. I don't see how you can separate them. A sentence is a sentence. So, for example, in Singletary, the court specifically said we're rejecting the government's suggestion that this gets remanded for the specific reason to address just the supervised release condition. Singletary specifically says that the defendant. Every Rule 11 error make it the judgment and invalid one. I mean, it seems that you're saying, oh, well, this is some sort of sin of omission. But let's say there's a Rule 11 error that the failure to advise of the range of sentencing or whatever, there's a whole string of the Rule 11 catechism that has to be checked off. But but I've never understood the fact that there was less than full information under Rule 11 to create an invalid judgment. And again, that rule like Singletary specifically says that the defendant was not arguing that the district court erred and making a sentencing decisions or that the supervised release decisions that were later and included in the written judgment were unreasonable. So if the defendant was making that argument, then perhaps it would have been barred by the appellate waiver. But when with Rogers and Singletary issues, the problem is that the sentence never was imposed. So, again, your examples are in regards to cases in which a sentence actually was imposed. And Rogers issues are very different. Thank you, Ms. Thank you. Mr. Bragdon. Thank you, Your Honor, may it please the court, David Bragdon representing the United States. I think I'll start where the court left it off with defense counsel, and we'll say that Rogers, Singletary and some of the court's earlier cases in Morse do not say that, you know, a judgment not matching a sentence, an oral pronouncement means that the whole sentence is a nullity. That's not what they say. What they say is when you have a difference between what's pronounced at sentencing and what's in the judgment, it's what's pronounced that is the sentence. That's the sentence. And so the things that are in the judgment, the additional things are a nullity, as Rogers and Singletary says, but not the entire judgment and not the sentence itself. So even in the absence of a finding by our court or if there were an attempt to impose to enforce those conditions down at the district court, that would be met with the concession by the government that you can't do it because they're a nullity. Your Honor, I think that the government, I don't want to to say what we would do in that situation without briefing or carefully looking at it, but I think it is clear from Rogers and that has to mean something. I would say that in addition to what we noted in our brief, I think Rule 36 would be one way to correct the judgment in a situation like this. It seems to me that when the court has pronounced a sentence and something has been added in the judgment afterwards that the court did not pronounce, that seems like a clerical error and that's something that can be fixed at any time. There's got to be a difference here between what you're talking about with a Singletary error is you're talking about reversible error, but reversible error has got to be a very different thing from an invalid judgment. I do agree, Your Honor, and I would say that if we were to hold that every reversible error in some way or another created an invalid judgment, we would be in a very confused situation. I mean, where's the limiting principle here? Well, I think that what I would say is turning to the time limit specifically, the time limit is meant to be binding. When the judgment has passed and the time period for appealing it has passed, there is a strong interest in finality. There's a lot of language in the court's opinion in Oliver about how important finality is. And there's a few exceptions to finality, like a habeas petition. You know, if defendant wanted to say, I didn't file my notice of appeal because I told my attorney to and he didn't file it, that claim would be recognized in habeas court. And if it were true, the district court would reimpose the judgment and the defendant would be allowed to appeal it. The rule. Simplicity is of great value to the law generally, and simplicity is even of more value when you're talking about claim processing rules and the rest, because when you get into equitable exceptions and everything, some people feel that they're being treated better than others. Some claims of privilege above others and everything. But when a judgment comes down. It is a valid judgment until an appeals court reverses it. But you can't. The clock begins to tick from the point of the judgment. And the judgment of a district court is a valid judgment until it is later vacated by a court of over a trial court's judgment, saying it is invalid despite the fact that no appellate court has ever overturned it. That really deals quite a blow to the language of rules, to the Court of Appeals procedure and in a larger sense to the rule of law. We don't want to get into the business of saying the judgments handed down are in this instance, that instance, invalid. I mean, you have people out there saying, oh, well, this is an invalid judgment. I don't need. It's not binding on me. I don't have to appeal within this time frame. I don't even have to obey it. I'm very, very nervous about saying that an unreversed district court judgment is invalid. I think that the courts that have resolved that issue have dealt with it in the way your honor is suggesting. To my knowledge, Rogers and Singletary error has been corrected in the context of the time frame that you're talking about, which is that there are times and places that allow the defendant to bring error before the court. And so I do, I do agree that a defendant can, there are times and places when a defendant can challenge a judgment and there are times and places when a defendant can't because the time has lapsed or because of other reasons to it. And so I do agree with the court. Well, let me then follow up with you about the earlier point about alternative remedies, because you have, not you, but the government has conceded that there was a procedural error in this case if we were to reach it. Right. You say we don't reach it because the appeal is untimely. If we, if this were a timely appeal or if the government had elected not to assert its rights to enforce the deadlines, we'd find procedural error, I would think, based on the concession and what appears to be correct in the record. It go back to the district court and the district court would correct its error and explain the reasons for why it was imposing these conditions if it had a reason. And then the judgment would be complete. The problem here is if we find that the appeal is untimely, you have conceded that the sentences that the, you know, the supervised condition, supervised conditions of release, those three unannounced conditions are nullity. And so at this point, unless someone goes back to the district court, we've got a judgment with a part of a sentence as a nullity with no ability of the district court to correct it on its own unless someone goes back to the district court. You see what I'm getting? I mean, it's just a very strange situation. So why wouldn't the government, I suppose you could have decided not to enforce the waiver and get the case sent back to fix it. But if you're standing on the waiver, why wouldn't the government then go back with the defense counsel and pursuant to Rule 36, get the judgment corrected? Your Honor, if the defense defendant seeks to correct the judgment under under Rule 36, we would not oppose that. So and I think that I think part of the harm here is is not not just the defendant is asking to correct the judgment. That's not what defendant is asking. Defendant is asking for a de novo sentencing six more than six months after the judgment was was final in this case. And I think that that's a very broad remedy. I understand it is what the court imposed in Rogers and Singletary. I think this circuit's the only court that that has has imposed that remedy for that particular violation. But aren't there a number of alternative avenues for correcting the judgment? I mean, I would think that maybe a collateral attack on 2255 would be would be one of those during the course of the implementation of supervised release would be one of those. The motion to correct or amend the judgment would be one of those. My only point is it's very there are ways of doing it and there are ways not to do it. And the problem is it's not that the error is going to stand uncorrected. It's going to be corrected. But the question is, do you really begin to gum up the timeliness inherent in a straightforward rule in order to reach a particular result that can be achieved in a more straightforward fashion? It's a high cost that doesn't need to be paid to have this to to have exceptions to the timeliness that the framers didn't draft. If people will run with the exception, whatever it is. And. Any error is going to be is going to be corrected in any number of ways. I agree with the court that there that there are ways to correct it. I would doubt that you could revoke. If in a revocation hearing, I would think the defendant, Mr. Brantley, would have a pretty strong case that you cannot impose sanctions for a violation of supervised release that I was never notified of. And under under Singletary, in other words, as you go into a revocation proceeding, you can't. You can't penalize the defendant for violating a condition that was the subject of Singletary Rogers error and was never pronounced. And so that's the way you get at it, I think. And the government wouldn't. Oppose that. And the other thing that happens quite frequently is that the government doesn't seek revocation when it's conceded that a condition is the subject of Singletary error. The government's not going to push revocation on that. You don't have to, you know, when there's a revocation proceeding, the government doesn't have to list all the different conditions of supervised release. It's only valid conditions that you that the government seeks a revocation on. So I just my point is such a simple one, and that is not that the error should go uncorrected. I think it should be corrected. But I don't want to gum up the rule 4B1 in the process with things that are going to create real problems down the road. That's my only point. I would just to add to that. I would also just note that supervised release conditions are more flexible than other parts of the judgment because there is a process for amending them while the defendant is on supervised release. So unlike a mistake in terms of the term of imprisonment, this is something that there is a process if the court wants to add or erase supervised release conditions that can happen while they're being served. And so I think that's another reason. The other thing I will say is there are rules in place, there are timeliness in place, and those things are important. And sometimes that can mean that a party that doesn't follow those rules does miss its chance to raise a particular argument. And that's a balancing cost that our system accepts, and it can be necessary to the system to run well to let some claims go when the rules aren't followed. And there's a variety of different ways that allow different corrections, but the rules are important. And I don't think it's the case that every single mistake always has a remedy. I think that's not the case. And I think if that becomes the goal, we risk too much tinkering with the rules that are good and effective overall. So I would ask the court to dismiss on the basis of timeliness here. I'm more than happy to be heard on the Rule 11 issue if the court wants, or to answer any other questions that the court may have. Thank you, Mr. Bragdon. Thank you. Ms. Blue? And I would agree with the government that rules should be followed to ensure the efficient running of court's business. And importantly, in this case, it was the district court that didn't follow the rules. The district court included conditions of supervised release and the subsequent written judgment and didn't orally pronounce them in court. And the reason why, I know there's been a lot of discussion about other ways to fix Dixie's errors. And those avenues were available both when Singletary and Rogers were heard, but we also have to weigh the rights that are present and that were trying to be protected by the court in Singletary. Singletary makes clear that the defendant has a right to be at sentencing, and that right is rooted in the Sixth Amendment. So, while certain rules, claim processing rules like 4B are important, I understand that, but you also have to weigh it against the other interests that are present in this case. And the whole reason why Singletary said, well, the defendant requires a whole new sentencing, it's because when the court sentences somebody, it weighs both the custodial terms in addition to the supervised release terms to come up with one unified sentence. So, I think that while there are collateral ways to address the Singletary issue or the Rogers issue, the proper remedy is to have, hold a whole new sentencing. And I think that was made clear in Singletary that relied on Rogers, and that's the reason why it didn't just sentence for the particular, to particularly address the supervised release conditions. And if there are no other questions, I'll concede the rest of my time. Thank you, Ms. Blue. Ms. Blue, I note that you too are court appointed. I want to thank you for taking on this appeal. We appreciate the excellent arguments in this final case. And with that, the court will stand, adjourn sine da, and we'll come down and agree counsel. The Sonoma Court stands adjourned sine da. Godspeed to the United States and the Sonoma Court. Thank you.  This is a test. ..
judges: Albert Diaz, J. Harvie Wilkinson III, Robert S. Ballou